**Louis A. Lencki, Defendant in Error, v. John Schultz and Mary Schultz, Plaintiffs in Error.**

**Gen. No. 21,212. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 15, 1916.

### Statement of the Case.

Action of forcible entry and detainer brought by Louis A. Lencki, plaintiff, against John Schultz and Mary Schultz, defendants, under clause 6 of section 2 of the Forcible Entry and Detainer Act, Rev. St., ch. 57 (J. & A. ¶ 5843). From a judgment entered on a verdict for plaintiff, defendants prosecute a writ of error.

Plaintiff's evidence showed that defendants were in possession of the premises in question at the time of

the demand for possession and the bringing of the action; that defendant John Schultz was on the property at the time of the execution of the deed conveying same. There was introduced in evidence a quitclaim deed from John Schultz and Mary Schultz, his wife (defendants), to the plaintiff, and the demand for possession served by plaintiff upon the defendants.

On behalf of the defendants there was an offer to show that at the time this quitclaim deed was given to the plaintiff, the defendants were threatened with a personal injury suit; that this conveyance was made at the suggestion of plaintiff, who said he could settle the case for little money; that he would hold the property as security for moneys advanced in settlement and not place the deed of record; that the property was to be deeded back when the personal injury suit had been disposed of and the plaintiff reimbursed for advances made, if any; that the deed was given with the understanding that it should not in any way disturb the possession of defendants; that nothing was ever paid by Lencki; that when defendants demanded the deed back, plaintiff discharged John Schultz from his employ and started an action in forcible detainer. After this offer was made, counsel for defendants stated: "I offer to show by the witness that in fact the title to the property in question is involved in this suit, and ask to have the court pass upon that issue." This offer was rejected and exception taken thereto. There was also an offer to show that in a former action of forcible entry and detainer plaintiff had testified that John Schultz was to remain in possession as a tenant of the plaintiff, which offer was also refused. In making this offer, defendants contended that the relationship of landlord and tenant did not exist.

Before the close of the case plaintiff offered in evidence a decree entered in the Circuit Court of Cook county in the case of Mary Schultz, one of the defendants herein, against plaintiff and John Schultz, the

other defendant, to set aside the deed (which was the deed offered in evidence in the case at bar) given by her husband and herself to the plaintiff; he also offered in evidence the bill of complainant and his (Lencki's) answer thereto. That suit was based upon practically the same facts as defendants offered to prove as matters of defense in the action at bar. Objection was made on behalf of John Schultz, on the ground that he was not a party to the action. It appeared, however, that he attended as a witness for the complainant in that action.

COBURN & BENTLEY, for plaintiffs in error.

SMIETANKA, JOHNSON & MOLTHROP, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 22*—*what is nature of right of possession in grantee.* In an action of forcible entry and detainer by a grantee holding a deed against the grantor in possession, who has refused, upon demand, to give possession, the question of title between plaintiff and defendants or any one else cannot be tried, and the right to possession in the plaintiff is not dependent upon his title but upon the existence of specific facts mentioned in Forcible Entry and Detainer Act, Rev. St., ch. 57, sec. 2, clause 6 (J. & A. ¶ 5843).

2. FORCIBLE ENTRY AND DETAINER, § 16*—*when action lies for unlawful detainer by grantor.* A quitclaim deed to the plaintiff from the grantor and a continuance in possession by the grantor after a written demand for possession are facts upon which an action of forcible entry and detainer may be maintained under Forcible Entry and Detainer Act, Rev. St., ch. 57, sec. 2, clause 6 (J. & A. ¶ 5843).

3. FORCIBLE ENTRY AND DETAINER, § 73*—*when evidence inadmissible as bearing upon question of title of plaintiff.* In an action of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lencki v. Schultz et al., 198 Ill. App. 294.

forcible entry and detainer by a grantee against a grantor, with-holding possession after demand, under the Forcible Entry and Detainer Act, Rev. St., ch. 74, sec. 2, clause 6 (J. & A. ¶ 5843), evi-.dence that the quitclaim deed from defendant to plaintiff was intended to secure plaintiff for moneys advanced and that the deed was given with the understanding that it should not disturb defend-ants' possession and that nothing was ever paid by plaintiff, was not competent because it sought to put in issue the title of the plaintiff.

4. FORCIBLE ENTRY AND DETAINER, § 77*—*when deed admissible to show fact of possession.* In an action of forcible entry and detainer by a grantee against a grantor the introduction of the deed to the premises is proper and is necessary, in connection with the fact of possession, to show that there was a grantor who conveyed and a grantee to whom the conveyance was made.

5. APPEAL AND ERROR, § 1466*—*when admission in evidence of pleadings in prior case harmless error.* Where, in an action of forcible entry and detainer it was contended that there was an im-proper admission in evidence of the bill, answer and decree in a prior case wherein one of the defendants in the case at bar was complainant, and in which the plaintiff and the other defendant in the case at bar were defendants, which prior case was for the purpose of setting aside the deed upon which the case at bar de-pends, and where objection to such evidence was not made by the complainant but by her husband, who was defendant in such suit and a witness in behalf of the complainant therein, *held* not error to admit such evidence and that, at best, it was only cumulative, and inasmuch as the court in the case at bar instructed the jury to find for plaintiff, its admission could not be considered harmful.

6. ESTOPPEL, § 87*—*when tenant estopped to claim relationship of landlord and tenant.* In an action of forcible entry and detainer, where defendant claims that conveyance from him to plaintiff was to secure plaintiff for money advanced, such defendant is estopped from thereafter claiming the relation of landlord and tenant and cannot present evidence that in a previous trial in forcible entry and detainer, plaintiff testified that defendant was his tenant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.